**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| FISHNET SECURITY, INC., | ) | |
| Plaintiff, | ) ) ) | Case No.12-558 |
| v. | ) ) | |
| CORY STRANGE, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT CORY STRANGE'S NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1332**

**TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Cory Strange ("Strange"), by and through his undersigned counsel of record and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to this Court the state court action originally commenced in the Circuit Court of Jackson County, Missouri, entitled *Fishnet Security, Inc. v. Cory Strange*, Case No. 1216-CV09167.

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of Removal is being served upon all other parties and is also attached to the Notice of Removal of Action to Federal Court being filed with the Clerk of the Circuit Court of Jackson County, Missouri. A true and correct copy of the Notice of Removal of Action to Federal Court being filed in state court is attached hereto (without exhibits) as Exhibit "A."

**I.      INTRODUCTION**

1.      On or about April 19, 2012, Plaintiff Fishnet Security, Inc. ("Plaintiff" or "Fishnet") filed a Petition in the Circuit Court of Jackson County, Missouri at Kansas City captioned *Fishnet Security, Inc. v. Cory Strange*, Case No. 1216-CV09167. Defendant Cory

Strange ("Defendant") was served the Summons and Petition on April 26, 2012 at his home in Lantana, Texas.

2. According to the allegations in the Petition, Plaintiff asserts three causes of action against Defendant, set out in the Petition as: (1) breach of employment agreement; (2) tortious interference with contract and expectations; and (3) injunctive relief.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

## II. PROCEDURAL STATEMENT

4. Plaintiff served the Summons and Petition on Defendant on April 26, 2012. Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Petition, together with all other documents served in this case upon Defendant, are attached as Exhibit "B."

6. As of yet, to Mr. Strange's knowledge, no proceedings other than those reflected in Exhibit "B" have occurred in the Circuit Court of Jackson County, Missouri. Defendant has not filed a responsive pleading to the Petition.

7. Venue lies in the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. § 1441(a), as the action is pending in this district and division.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Circuit Court of Jackson County, Missouri, and give written notice of the removal of this action to Plaintiff's counsel.

**III.     DIVERSITY JURISDICTION**

9. This Court has original jurisdiction arising out of 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

10. At the time the Petition was filed, at the time of removal, and at all relevant times, Plaintiff was, according to the Petition, a Missouri corporation with its principal place of business at 6130 Sprint Parkway, Suite 400, Overland Park, KS 66211. (Petition, Exhibit B, at ¶1).

11. At the time the Petition was filed, at the time of removal, and at all relevant times, Defendant was and is a resident of Texas, residing at 9134 Calvert Rd., Lantana, TX 76226. (*See* Petition, at caption; Declaration of Cory Strange, ¶ 5, (Exhibit "C" hereto)).

12. Pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of Missouri and Kansas. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (Feb. 23, 2010) (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" which is also sometimes referred to as the corporation's "nerve center").

13. Because Plaintiff is a citizen of Missouri and Kansas and Defendant is a citizen of Texas, the diversity of citizenship requirement is met. *See* 28 U.S.C. § 1332(a); *Hertz*, 130 S. Ct. at 1192-93.

14. The Petition alleges that Defendant breached his employment agreement by using confidential customer lists and contacting and engaging Plaintiff's customers. See Ex. B, Petition at ¶¶ 26-31. Defendant also allegedly tortiously interfered with Plaintiff's contracts with

customers. *Id.* at ¶¶ 34-38. Plaintiff seeks compensatory damages and injunctive relief to prevent Defendant from contacting and engaging Fishnet's customers. *Id.* at ¶¶ 40-46 and p. 8.

15. While Plaintiff does not state a specific amount of damages in the Petition, as set forth below, the amount in controversy easily exceeds the jurisdictional threshold of $75,000 based upon the preponderance of the evidence. *Commercial Coverage, Inc. v. Paradigm Ins. Co.*, 998 F. Supp. 1088, 1091 (E.D. Mo. 1998) (the "preponderance of evidence" standard of proof applies to the amount in controversy in removal actions wherein the state court complaint fails to specify the damages sought).

16. Without conceding liability, were Plaintiff to succeed on its claims, it would be entitled to lost profits from the accounts at issue. During the last year at Fishnet, the customers Mr. Strange dealt with produced approximately $10,000,000 in revenue for Fishnet. Declaration, Exhibit C, at ¶ 9.

17. Furthermore, the value to the Plaintiff of the injunctive relief requested is to be considered in determining the amount in controversy. *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir.1987) ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced."). Again, should Plaintiff prevail on its claims, Mr. Strange would be prohibited from doing business with certain former customers for a period of twelve months from his departure.

18. Considering the compensatory damages and the value of the injunctive relief, Plaintiff seeks *in excess of* $75,000 in damages, even before inclusion of attorney's fees, which Plaintiff also seeks and which are also considered for purposes of the amount in controversy. Petition, Exhibit B, at p. 8 (seeking attorneys' fees); *White v. United Parcel Serv.*, 2012 WL 760936, *2 (E.D. Mo., Mar. 8, 2012) (denying motion to remand and stating "it is well

established that, when calculating the amount in controversy, punitive damages **and attorney's fees** are to be included" (emphasis added) citing *Allison v. Security Benefit Life Ins. Co.*, 1213, 1215 (8th Cir. 1992)). The Employment Agreement at issue contemplates that Attorney's Fees are available for enforcing the Agreement. *See* Employment Agreement at Exhibit A to Petition at ¶ 7.

19. Presumably litigation of this action will result in Plaintiff incurring significant attorneys' fees since Plaintiff has hired Shook Hardy & Bacon, LLP, one of the largest firms in Kansas City. Moreover, as evidenced by the numerous pleadings in Exhibit B, Plaintiff's counsel has already spent many billable hours drafting numerous pleadings, including expedited discovery motions and requests. If successful, the Attorneys' Fees incurred by Fishnet will be substantial and may alone put this case over the $75,000 threshold.

20. Thus, Plaintiff clearly seeks *in excess of* the jurisdictional limit.

21. Because the damages in controversy exceed $75,000, the amount in controversy requirement is also met. *See* 28 U.S.C. § 1332(a).

22. The Court has original diversity jurisdiction when, as here, the named parties are completely diverse and the amount in controversy requirement is satisfied. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).

V. **CONCLUSION**

23. Plaintiff's Petition states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332(a), thus, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cory Strange respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Jackson County, Missouri at Kansas City.

Respectfully submitted,

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP


By: s/ Stephen M. Bledsoe
    Stephen M. Bledsoe
    2600 Grand Boulevard, Suite 1200
    Kansas City, Missouri 64108
    Telephone: 816-561-7007
    Facsimile: 816-561-1888
    Email: sbledsoe@berkowitzoliver.com

**Attorneys for Defendant Cory Strange**


## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2012 I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Mark C. Tatum, mtatum@shb.com

Brian P. Baggott, bbaggott@shb.com


s/ Stephen M. Bledsoe
**Attorney for Defendant Cory Strange**