IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FISHNET SECURITY, INC., | ) |
| Plaintiff, | ) Case No. 4:12-cv-00558-HFS |
| v. | ) |
| CORY STRANGE, | ) |
| Defendant. | ) |

**DEFENDANT CORY STRANGE'S ANSWER TO
PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTIVE
AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**

Cory Strange, by and through his attorneys of record, answers Plaintiff's Petition as follows:

**PARTIES**

1. Mr. Strange lacks sufficient information to either admit or deny the allegations in paragraph 1 of the Petition. To the extent a response is required, Mr. Strange denies the allegations contained in paragraph 1 of the Petition.

2. Mr. Strange admits the allegations in paragraph 2 of the Petition.

**JURISDICTION AND VENUE**

3. Mr. Strange denies the allegations in the first sentence of paragraph 3 of the Petition. Mr. Strange states that the Employment Agreement speaks for itself with regards to jurisdiction and venue. Mr. Strange denies any remaining allegations in paragraph 3 of the Petition.

4. Mr. Strange denies the allegations in paragraph 4 of the Petition.

## FACTS COMMON TO ALL COUNTS

5. Mr. Strange lacks sufficient information to either admit or deny the allegations in paragraph 5 of the Petition. To the extent a response is required, Mr. Strange denies the allegations contained in paragraph 5 of the Petition.

6. Mr. Strange lacks sufficient information to either admit or deny the allegations in paragraph 6 of the Petition. To the extent a response is required, Mr. Strange denies the allegations contained in paragraph 6 of the Petition.

7. Mr. Strange lacks sufficient information to either admit or deny the allegations in paragraph 7 of the Petition. To the extent a response is required, Mr. Strange denies the allegations contained in paragraph 7 of the Petition.

8. Mr. Strange admits that he became employed with Fishnet as an Account/Sale Representative in March 2009. Mr. Strange also admits that in that position he sold computer and networking hardware to customers. Mr. Strange denies any remaining allegations in paragraph 8 of the Petition.

9. Mr. Strange admits that during his employment with Fishnet he served as the principal contact and/or had significant interaction with certain customers. Mr. Strange denies any remaining allegations in paragraph 9 of the Petition.

10. Mr. Strange admits that his primary territory while employed with Fishnet included Texas north to Kansas. Mr. Strange denies any remaining allegations in paragraph 10 of the Petition.

11. Mr. Strange denies the allegations in paragraph 11 of the Petition.

12. Mr. Strange denies the allegations in paragraph 12 of the Petition.

13. Mr. Strange admits that on or about March 26, 2009, Fishnet and he executed an Employment Agreement, a copy of which was attached to the Petition as Exhibit A. Mr. Strange denies any remaining allegations in paragraph 13 of the Petition.

14. Mr. Strange admits that portions of the Employment Agreement are quoted in paragraph 14. Mr. Strange denies any remaining allegations in paragraph 14 of the Petition.

15. Mr. Strange admits that portions of the Employment Agreement are quoted in paragraph 15. Mr. Strange denies any remaining allegations in paragraph 15 of the Petition.

16. Mr. Strange admits that in April 2012, his employment with Fishnet ended. Mr. Strange lacks sufficient information to either admit or deny the allegations as to whether Fishnet was surprised. Mr. Strange denies any remaining allegations in paragraph 16 of the Petition.

17. Mr. Strange admits that his last day at Fishnet was April 18, 2012.

18. Mr. Strange admits that he resigned from Fishnet in order to start his own business. Mr. Strange denies the remaining allegations in paragraph 18 of the Petition.

19. Mr. Strange denies the allegations in paragraph 19 of the Petition.

20. Mr. Strange denies the allegations in paragraph 20 of the Petition.

21. Mr. Strange denies the allegations in paragraph 21 of the Petition.

22. Mr. Strange denies the allegations in paragraph 22 of the Petition.

23. Mr. Strange admits that he has contacted vendors that also do business with Fishnet. Mr. Strange denies that this violates the Employment Agreement and denies any remaining allegations in paragraph 23 of the Petition.

24. Mr. Strange denies the allegations in paragraph 24 of the Petition.

25. Mr. Strange denies the allegations in paragraph 25 of the Petition.

## COUNT I – "BREACH OF EMPLOYMENT AGREEMENT"

26. Mr. Strange incorporates and restates his responses to paragraphs 1 through 25 of his Answer as if fully set forth herein.

27. Mr. Strange admits that he entered into an Employment Agreement with Fishnet. Mr. Strange denies the remaining allegations in paragraph 27 of the Petition.

28. Mr. Strange states that the Employment Agreement speaks for itself with regards to the use and/or disclosure of Fishnet's confidential and proprietary information and that no further response is required. To the extent a response is required, Mr. Strange denies the allegations contained in paragraph 28 of the Petition.

29. Mr. Strange states that the Employment Agreement speaks for itself with regards to any limitations on his ability to compete with Fishnet and that no further response is required. To the extent a response is required, Mr. Strange denies the allegations contained in paragraph 29 of the Petition.

30. Mr. Strange denies the allegations in paragraph 30.

31. Mr. Strange denies the allegations in paragraph 31.

32. Mr. Strange denies the allegations in paragraph 32.

Mr. Strange denies that Fishnet is entitled to any of the relief requested with regards to Count I and requests that Judgment be entered against Fishnet and in favor of Mr. Strange, that this Court grant Mr. Strange his costs, expenses and attorneys' fees incurred herein and grant such other relief as the Court deems just and proper.

## COUNT II – "TORTIOUS INTERFERENCE WITH CONTRACT AND EXPECTATIONS"

33. Mr. Strange incorporates and restates his responses to paragraphs 1 through 32 of his Answer as if fully set forth herein.

34. The allegations in paragraph 34 call for a legal conclusion to which no response is required. To the extent a response is required, Mr. Strange denies the allegations in paragraph 34.

35. Mr. Strange admits that Fishnet has customers and contracts. Mr. Strange denies any remaining allegations in paragraph 35.

36. Mr. Strange denies the allegations in paragraph 36.

37. Mr. Strange denies the allegations in paragraph 37.

38. Mr. Strange denies the allegations in paragraph 38.

Mr. Strange denies that Fishnet is entitled to any of the relief requested with regards to Count II and requests that Judgment be entered against Fishnet and in favor of Mr. Strange, that this Court grant Mr. Strange his costs, expenses and attorneys' fees incurred herein and grant such other relief as the Court deems just and proper.

## COUNT III – INJUNCTIVE RELIEF

39. Mr. Strange incorporates and restates his responses to paragraphs 1 through 38 of his Answer as if fully set forth herein.

40. Mr. Strange admits that he has contacted companies that he did business with at Fishnet, but denies that such contacts violated his Employment Agreement. Mr. Strange avers that any contacts are proper and involve customers with which he had a pre-existing relationship during the 12 months prior to his employment with Fishnet. Consequently, Mr. Strange avers that the contacts are expressly permitted by the Employment Agreement. Mr. Strange denies any remaining allegations in paragraph 40.

41. Mr. Strange denies the allegations in paragraph 41.

42. Mr. Strange denies the allegations in paragraph 42.

43. Mr. Strange denies the allegations in paragraph 43.

44. Mr. Strange denies the allegations in paragraph 44.

45. The allegations in paragraph 45 call for a legal conclusion to which no response is required. To the extent a response is required, Mr. Strange denies the allegations in paragraph 45.

46. The allegations in paragraph 46 call for a legal conclusion to which no response is required. To the extent a response is required, Mr. Strange denies the allegations in paragraph 46.

Mr. Strange denies that Fishnet is entitled to any of the relief requested with regards to Count III and requests that Judgment be entered against Fishnet and in favor of Mr. Strange, that this Court grant Mr. Strange his costs, expenses and attorneys' fees incurred herein and grant such other relief as the Court deems just and proper.

**FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

1. Mr. Strange denies each and every allegation contained in Plaintiff's Petition not expressly admitted herein.

2. Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

3. Plaintiff has failed to take reasonable measures or steps to protect or otherwise enforce its Employment Agreement or otherwise protect its confidential information or trade secrets and thus has waived such claims in this instance.

4. Plaintiff's claims are barred by the equitable doctrines of waiver, acquiescence, and unclean hands.

5. Plaintiff's claims of tortious interference are barred by, among other things, the doctrine of privilege because Mr. Strange's alleged actions were motivated by legitimate business reasons, including his business expectancies and his right to conduct business and consult with clients and potential clients in accordance with the Employment Agreement and applicable law.

6. Plaintiff's tort claim may be barred in whole or in part by Missouri's economic loss doctrine.

7. Plaintiff's claims for equitable relief are barred as Plaintiff has an adequate remedy at law.

8. Mr. Strange reserves the right to add to or amend these defenses as may become necessary during the course of this case.

WHEREFORE, having fully answered Plaintiff's Petition, Mr. Strange respectfully requests that this Court dismiss Plaintiff's Petition, with prejudice, award Mr. Strange his costs incurred herein, including his reasonable attorneys' fees, and grant Mr. Strange such other and further relief as this Court deems just and proper.

Respectfully submitted,

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP

By: s/ Stephen M. Bledsoe
Stephen M. Bledsoe     MO Bar # 47048
Kathleen M. Nemechek     MO Bar # 50139
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: 816-561-7007
Facsimile: 816-561-1888
Email: sbledsoe@berkowitzoliver.com

**Attorneys for Defendant Cory Strange**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 201, I electronically filed the foregoing Answer to Plaintiff's Petition for Preliminary Injunctive and Permanent Injunctive Relief and Damages with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Mark C. Tatum, mtatum@shb.com

Brian P. Baggott, bbaggott@shb.com

and I hereby certify that I have mailed by United States Postal Service the document to the following participant:

N/A

s/ Stephen M. Bledsoe<br>
**Attorney for Defendant Cory Strange**